[Cite as *Taylor v. Ohio Dept. of Jobs & Family Servs.*, 2011-Ohio-1852.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

JOY TAYLOR

     Plaintiff

     v.

OHIO DEPARTMENT OF JOBS AND FAMILY SERVICES

     Defendant
     Case No. 2008-05974

Judge Joseph T. Clark
Magistrate Lewis F. Pettigrew

JUDGMENT ENTRY

{¶ 1} On January 25, 2011, the magistrate issued a decision recommending judgment for defendant.

{¶ 2} Civ.R. 53(D)(3)(b)(i) states, in part: "A party may file written objections to a magistrate's decision within fourteen days of the filing of the decision, whether or not the court has adopted the decision during that fourteen-day period as permitted by Civ.R. 53(D)(4)(e)(i)." On February 3, 2011, plaintiff timely filed her objections.

{¶ 3} Plaintiff brought this action alleging interference with her rights under the Family and Medical Leave Act of 1993 (FMLA), as well as disability discrimination under R.C. 4112.02, the Americans with Disabilities Act of 1990, and the Rehabilitation Act of 1973.

{¶ 4} In her FMLA claim, plaintiff alleges that an employee of defendant, Antoinette Franklin, improperly denied her request for FMLA leave during a telephone conversation on February 12, 2008. According to the magistrate's decision, Franklin testified that she did not deny plaintiff's FMLA request, and that she instead asked

plaintiff to furnish additional information inasmuch as plaintiff's FMLA certification form was incomplete. The magistrate found that Franklin's testimony concerning the February 12, 2008 conversation was more credible than plaintiff's, that Franklin did not deny plaintiff's FMLA request, and that plaintiff failed to prove any interference with her rights under the FMLA.

{¶ 5} With respect to plaintiff's claims of disability discrimination, the magistrate found that plaintiff failed to establish any of the elements required of a prima facie case.

{¶ 6} Although plaintiff's objections are not specifically enumerated, one of her main arguments is that the magistrate improperly applied the law pertaining to her FMLA claim by failing to consider 29 C.F.R. 825.305(c). In its current form, 29 C.F.R. 305(c) states, in part, that when an employer finds that an employee has submitted an incomplete or insufficient FMLA certification form, the employer shall "state in writing what additional information is necessary to make the certification complete and sufficient." Plaintiff asserts that defendant failed to comply with this regulation inasmuch as her certification was found to be incomplete on February 12, 2008, but defendant did not provide written notice of what additional information was needed until February 25, 2008, when plaintiff asked Franklin for a written response to the FMLA request.

{¶ 7} The version of 29 C.F.R. 825.305(c) which was in effect at all times relevant did not include the requirement that an employer state in writing what additional information is necessary to make an FMLA certification complete and sufficient. As the magistrate noted, the federal regulations concerning the FMLA were revised subsequent to the events at issue in this case and, inasmuch as administrative regulations are presumed to apply prospectively, the revised regulations do not apply in this case. See *Randolph v. Grange Mut. Cas. Co.*, 185 Ohio App.3d 589, 2009-Ohio-6782, ¶33. Accordingly, this objection is not well-taken.

{¶ 8} Plaintiff also objects to several factual findings made by the magistrate, including his finding that Franklin's testimony concerning the telephone conversation

was more credible than plaintiff's testimony, and his finding that plaintiff failed to establish that she was disabled for the purposes of her disability discrimination claims.

{¶ 9} Civ.R. 53(D)(3)(b)(iii) states: "An objection to a factual finding, whether or not specifically designated as a finding of fact under Civ.R. 53(D)(3)(a)(ii), shall be supported by a transcript of all evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if a transcript is not available. * * * The objecting party shall file the transcript or affidavit with the court within thirty days after filing objections unless the court extends the time in writing for preparation of the transcript or other good cause. If a party files timely objections prior to the date on which a transcript is prepared, the party may seek leave of court to supplement his objections."

{¶ 10} To the extent that plaintiff's objections pertain to factual findings made by the magistrate, plaintiff was required to support her objections with a trial transcript. Plaintiff's failure to file a transcript leaves the court unable to review the alleged errors in the magistrate's factual findings.

{¶ 11} Upon review, the court determines that there is no error of law or other defect evident on the face of the magistrate's decision. Therefore, the objections are OVERRULED and the court adopts the magistrate's decision and recommendation as its own, including findings of fact and conclusions of law contained therein. Judgment is rendered in favor of defendant. Court costs are assessed against plaintiff. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

_____
JOSEPH T. CLARK
Judge

cc:

Douglas R. Folkert                    Kendall D. Isaac
Assistant Attorney General            341 South Third Street, Suite 10
150 East Gay Street, 18th Floor       Columbus, Ohio 43215
Columbus, Ohio 43215-3130

RCV/cmd
Filed March 23, 2011
To S.C. reporter April 12, 2011